131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Dale BIRDWELL, Plaintiff-Appellant,
v.
W.T. FLANAGAN, Detective; Mohave County; Mohave County
Board of Supervisors; Steve Conn, Judge; Gary
Pope, Judge, Defendants-Appellees.
 No. 97-16066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-01098-RCB; Robert C. Broomfield, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Dale Birdwell, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Upon our review of the record, we conclude that Birdwell failed to produce sufficient evidence to support his allegations that defendant Flanagan submitted a blank search warrant application or his allegation that Mohave County had a policy endorsing such a practice. Accordingly, the district court properly granted summary judgment for defendants. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986); Barnett, 31 F.3d at 815.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of the appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal